UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JACI FERRERYA,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

Case No. 2:10-CV-01870-KJD-CWH

**ORDER**

Presently before the Court is Defendant's Motion for Partial Summary Judgment that Plaintiff Will Not Need Future Surgery (#25). Plaintiff filed a response in opposition (#28) to which Defendant replied (#30). Also before the Court is Defendant's Motion for Partial Summary Judgment Re: Intervening Event (#26). Plaintiff filed a response in opposition (#29) to which Defendant replied (#31). Finally before the Court is Defendant's Motion to Strike Two of Plaintiff's Expert Witness' Opinions and Reports (#27). Plaintiff filed a late response in opposition (#41).

I. Facts

On or about December 30, 2008, Plaintiff slipped and fell while walking through the electronics department at Target. Plaintiff then began a series of treatments including those from a chiropractor and a pain management doctor, Jorg Rosler, M.D. On March 24, 2009, Plaintiff underwent an MRI which showed readings within normal limits. Plaintiff later was treated with

facet injections in her lumbar spine that temporarily relieved the pain in her back. She also was treated with a lumbar facet rhizotomy resulting in Dr. Rosler describing almost complete resolution of her lumbar symptomatology.

Plaintiff then underwent a six and-one-half month break in treatment from any doctor, from December 10, 2009 until June 24, 2010. Plaintiff returned to treatment in June 2010 when she began experiencing pain and discomfort in her back again. A second MRI on June 29, 2010 showed four different levels of bulging in her lumbar spine.

Dr. William Muir, M.D., an expert has prepared a "Life Care Plan" indicating that Plaintiff may need to undergo possible future surgery in the amount of $172,100.00 and other surgical costs totaling $35,900.00.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497

U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

III.  Analysis

    A.  Future Surgery

Defendant argues that Plaintiff's treating physician and medical expert both testified that future surgery was not a recommended option for Plaintiff.  It is true that Plaintiff's treating physician, Dr. Jaswinder Grover, testified in his deposition on July 11, 2011 that he would not recommend surgery to Plaintiff as a course of treatment.  Plaintiff's expert, Dr. William Muir, testified that he could not state to a reasonable degree of medical probability that Plaintiff would need a fusion surgery in the future.  That statement was made based on his belief that Plaintiff would undergo a different surgical procedure, plasma disc decompression.  Defendant has provided no other evidence, other than Dr. Grover's testimony, that Plaintiff would not need to undergo a plasma disc decompression.  Another consideration is Plaintiff's statement in her response to the motion to strike Muir's report that she "does not dispute that fusion surgery costs should be excluded from Dr. Muir's life care plan."

Therefore, the Court finds that genuine issues of material fact exist regarding whether Plaintiff needs a plasma disc decompression.  Therefore, the Court denies Defendant's motion for

summary judgment on whether future surgery related to the fall is necessary as it relates to the plasma disc decompression. However, the Court grants the motion as it relates to fusion surgery. Plaintiff's own concession and Muir's testimony demonstrate that fusion surgery is speculative at best. Since no concrete evidence raises questions of fact regarding whether fusion surgery will be needed in the future, the Court grants Defendant's motion for partial summary judgment that fusion surgery will not be needed in the future.

### B.  Treatment After December 2009 Related to an Intervening Event

Defendant seeks summary judgment that treatment received by Plaintiff after December 2009 is related to an intervening event that relieves Defendant of liability. However, though Defendant points out the obvious holes in Plaintiff's assertion that her post-2009 treatment is related to the slip-and-fall at Target, the Court must look at the evidence in a light most favorable to Plaintiff. With that viewpoint, it is evident that Plaintiff has raised genuine issues of fact on this issue that require resolution by a trier of fact. Accordingly, the Court denies Plaintiff's motion for partial summary judgment.

### C.  Motion to Strike Plaintiff's Experts' Reports and Opinions

Federal Rule of Evidence 702 allows scientific, technical or specialized knowledge if it will assist the trier of fact to understand the evidence or determine a fact in issue. A witness may be qualified as an expert by knowledge, skill, experience, training, or education. Fed. R. Ev. 702. The witness may testify in the form of an opinion if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles or methods; and (3) the witness has applied the principles and methods reliably to the facts. See id. Rule 703 sets out the standard for the bases of opinion testimony by experts. The facts or data must be the type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. Fed. R. Ev. 703.

Under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993), expert testimony must be both relevant and reliable. The trial judge's task is to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Id. at 597.

Generally, expert testimony may be admitted into evidence if (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical or specialized expertise to understand the evidence or to determine a fact in issue. See, generally, Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998).  "The trial court , exercising its gatekeeping function, must examine....the expert's qualifications, the methodologies he used, and the relevance of the final results to the questions before the jury." Adams v. Ameritech Srvs., Inc., 231 F.3d 414, 423 (7th Cir. 2001).  Plaintiff bears the burden of demonstrating that the requirements for admissibility of the expert's testimony are satisfied.  See Lust v. Merrill Dow Pharmaceuticals, Inc., 89 F.3d 594, 598 (9th Cir. 1996).

### 1.  William Muir, M.D.

Defendant asserts that Muir's expert report and opinion should be excluded, because the need for future fusion surgery is too speculative to be reliable.  Additionally, Defendant objects to the report, because the report shows each category of the Life Care Plan as having a vendor or provider.  However, the listed vendor or provider of future care to Plaintiff was not specifically consulted about the facts of Plaintiff's medical condition.  Defendant argues that the Plan attempts to convey the idea that each provider gave input into the Plan, thereby attempting to give the Plan more weight.  Since the individual providers were not consulted about the future cost of care, Defendant moves to exclude the Life Care Plan.

First, the Court has already granted Defendant's motion for partial summary judgment regarding the need for future fusion surgery.  Since Plaintiff has not raised issues of fact regarding the need for future fusion surgery, Muir's opinion and report regarding the need and cost of future fusion surgery will be excluded.

However, having examined Muir's qualifications and methodology, the Court denies the motion to strike or exclude the Life Care Plan in its entirety.  The opinion and report are

5

admissible, because: (1) Muir is qualified as an expert in the field of future medical care; (2) the data is the result of the use of reliable principles or methods; and (3) the proposed testimony would assist the trier of fact determine the need for and cost of future medical care. The issues raised by Defendant goes to the weight of the opinion or report and no to its admissibility. Defendant will have the ability to cross-examine Muir and to argue the weight and accuracy of the opinion and report. Therefore, the motion to strike is granted in part and denied in part.

### 2. John Peterson, Retail Safety and Procedures

Defendant asserts Plaintiff's expert John Peterson does not meet the standards to be qualified as an expert . Having reviewed Peterson's curriculum vitae and associated documents, the Court concludes that Peterson is qualified to testify as an expert in the area of the standard of care within the retail business industry. Furthermore, he is qualified to testify as to the relevant areas of his opinion and report. The deficiencies identified by Plaintiff in his report go to the weight of evidence, not to its admissibility. Furthermore, the admission of the report and any testimony related to it will be limited to relevant areas. For example, without further foundation, it appears the portion of Peterson's report criticizing the investigation of the accident does not appear to be relevant to the cause of the injury. Accordingly, the Court denies the motion to strike the opinion and report of Peterson without prejudice.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment that Plaintiff Will Not Need Future Surgery (#25) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment Re: Intervening Event (#26) is **DENIED**;

////

////

////

1    IT IS FURTHER ORDERED that Defendant's Motion to Strike Two of Plaintiff's Expert
2 Witness' Opinions and Reports (#27) is **GRANTED in part and DENIED in part.**
3    DATED this 30th day of January 2012.

_____
Kent J. Dawson
United States District Judge